Rio Farms, Inc. v. Commissioner.
Rio Farms, Inc. v. Commissioner
Docket No. 26948.
United States Tax Court
T.C. Memo 1955-306; 1955 Tax Ct. Memo LEXIS 32; 14 T.C.M. (CCH) 1183; T.C.M. (RIA) 55306; November 9, 1955
Thomas Fletcher, Esq., Marvin K. Collie, Esq., and Henry D. Lauderdale, Esq., for the petitioner. F. S. Gettle, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves deficiencies in income tax, declared value excess-profits tax, and excess profits tax for the fiscal years ended August 31, 1943 to 1946, inclusive, as follows: Declared value
excess-profits
Excess
F/Y
Income tax
tax
profits tax
1943
$ 25,352.36
$ 34,573.59
$147,570.01
1944
14,796.81
105,822.85
500,076.78
1945
11,740.26
112,516.01
522,145.91
1946
144,573.38
126,689.51
The *33 contested issues are (1) whether the doctrine of res judicata or estoppel by judgment is applicable and precludes a redetermination of the deficiencies; and (2) whether the petitioner was exempt from taxation under the provisions of section 101 of the Internal Revenue Code of 1939 during the taxable years involved. The issue of res judicata has been raised. Alternative issues were severed for later hearing, if necessary. Findings of Fact The stipulated facts are found accordingly: The petitioner is a nonprofit corporation duly organized under the laws of the State of Texas and having its principal place of business in Edcouch, Texas. The petitioner duly filed its corporation income and declared value excess-profits tax returns for the fiscal year ended August 31, 1942, and thereafter filed Treasury Department Form 1023, "Questionnaire for Religious, Charitable, Scientific, Literary, or Educational Organizations," and pursuant thereto received an official letter ruling from the Commissioner of Internal Revenue holding petitioner, herein sometimes referred to as "Rio", exempt from all the taxes here in question. Pursuant to such ruling of the Commissioner, petitioner filed *34 Treasury Department Form 990, "Annual Return of Organization Exempt from Income Tax under Section 101 of the Internal Revenue Code," for the fiscal years ended August 31, 1944, 1945, and 1946. On October 3, 1946, the Commissioner of Internal Revenue cancelled and recalled the letter of January 15, 1944, granting exemption under section 101(8) of the Internal Revenue Code. The petitioner filed no income, declared value excess-profits tax nor excess profits tax returns for the years ended August 31, 1943, 1944, 1945, and 1946. The deficiencies in controversy were determined by the respondent from the books and records of the petitioner. On March 9, 1949, petitioner filed claims for refund for the amounts paid for capital stock with interest, for the years ended June 30, 1944 and 1945. The claims were rejected. On February 7, 1950, the petitioner filed a suit against Frank Scofield, collector, in the District Court of the United States for the Western District of Texas (No. 495) to recover the capital stock taxes paid for the years ended June 30, 1944 and 1945, together with interest from November 18, 1947. Issue was joined and the *35 case was tried before Hon. Ben H. Rice, Jr., United States District Judge. On March 13, 1952, the judge filed his findings of fact and conclusions of law and directed judgment for the plaintiff for the relief prayed. On the same date judgment was entered. The District Court, inter alia, made the following finding of fact: "During the period in question the record here shows that plaintiff was an organization not organized for profit but operated exclusively for the promotion of social welfare, and therefore was entitled to exemption under Section 101(8) of the Internal Revenue Code from such capital stock tax, which ground was expressly claimed in the claim for refund herein and is entitled to be upheld here." and as a conclusion of law stated: "I conclude that the plaintiff, Rio Farms, Inc., is entitled to exemption from capital stock tax under Section 101(8) of the Internal Revenue Code * * *." The District Court, in its opinion reported in 103 F. Supp. 515, made extensive findings of fact. The evidentiary findings enumerated in paragraphs 3 to 53, inclusive, are adopted as our evidentiary findings and are incorporated *36 herein by reference. An appeal was taken to the United States Court of Appeals for the Fifth Circuit and judgment was affirmed. 205 F. 2d 68. No certiorari was applied for and the judgment has become final. The entire record in the prior suit has been offered in evidence here without objection. The nature and character of the operations of the petitioner remained the same throughout the years 1943 to 1946, inclusive. Petitioner is an organization not organized for profit but operated exclusively for the promotion of social welfare and, therefore, is entitled to exemption from taxation under section 101(8) of the Internal Revenue Code of 1939 for the taxable years ended June 30, 1943, 1944, 1945, and 1946. Opinion LEMIRE, Judge: The primary question presented is whether the prior judgment in the case of Rio Farms, Inc. v. Scofield, 103 Fed. Supp. 515, affd. 205 Fed. (2d) 68, is res judicata. The respondent concedes that by virtue of section 503 of the Revenue Act of 1942 the parties are the same. He contends that the doctrine of res judicata is not applicable because different causes of action and issues are involved here. In the *37 prior refund suit petitioner sought to recover capital stock taxes paid for the periods ended June 30, 1944, and 1945, on the ground that it was exempt from taxation under section 101(8) of the Internal Revenue Code of 1939. In the present proceeding petitioner contests its liability for income, declared value excess-profits, and excess profits taxes for the fiscal years ended August 31, 1943, 1944, and 1945, and for income and excess profits taxes for the fiscal year ended August 31, 1946. We are of the opinion that different causes of action are involved in the case at bar. The only principle of res judicata applicable, if at all, is the cognate rule of estoppel by judgment. In a second action upon a different cause the prior judgment operates as an estoppel only as to those matters in issue or points controverted upon which the finding or verdict was rendered. The principle of estoppel by judgment is more narrowly applied. Commissioner v. Sunnen, 333 U.S. 591. Organizations exempt from income tax under section 101 of the Code are also exempt from declared value excess-profits tax, excess profits tax and the excise tax on the declared value of capital stock by appropriate *38 sections of the Code. [1] Therefore, the causes of action, while different, are related. All of the causes of action in both proceedings involve a common decisive fact, i.e., the petitioner was not organized for profit and was operated exclusively for the promotion of social welfare. The essence of estoppel by judgment is that there has been a judicial determination of a fact. Last Chance Min. Co. v. Tyler Min. Co., 157 U.S. 683. The District Court found as an ultimate fact that the petitioner was "an organization not organized for profit but operated exclusively for the promotion of social welfare" and from that held it exempt from tax under section 101(8) of the Code. That fact may not be relitigated unless there is a showing of different controlling facts or a change in the applicable law. The respondent points to no basic or controlling facts which were not presented *39 in the prior refund suit. The evidentiary facts received in evidence are merely cumulative. We have found that the nature and character of petitioner's operations remained the same throughout the years 1943 to 1946, inclusive. There has been no change in the legal climate. In this posture of the proceeding we think the principle of estoppel by judgment is properly invoked here. If we are in error we find the prior final judgment to be a persuasive authority, and it is followed under the principle of stare decisis. We hold that petitioner was not organized for profit and was operated during all of the taxable years for the promotion of social welfare, and is exempt from taxation for the taxable years in question. Decision will be entered for the petitioner. Footnotes
1. Sections 1200-1207, I.R.C.↩, relating to the capital stock tax, and sections 600-605 with respect to the declared value excess-profits tax, were repealed by sections 201 and 202, respectively, of the Revenue Act of 1945, effective as to years ended after June 30, 1945.